IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| PHILLIP KELLER, | ) |
| Plaintiff, | ) |
| v. | ) No. 5:24-cv-06028-DGK |
| VEST PROFESSIONAL PLACEMENT FIRM, LLC, | ) |
| Defendant. | ) |

## ORDER DENYING MOTION TO REMAND

This case arises from alleged violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff originally filed this case in the Circuit Court of Buchanan County, Missouri. Defendant removed the case asserting federal question jurisdiction under 28 U.S.C § 1331.

Now before the Court is Plaintiff's motion to remand. ECF No. 10. Plaintiff does not dispute the Court has federal question jurisdiction. Rather, Plaintiff argues Defendant has not carried its burden showing he has Article III standing to maintain his FCRA claims in federal court.

For the reasons discussed below, Plaintiff's motion to remand is DENIED.

### Standard

A defendant may remove a case to federal court when it falls within the district court's original jurisdiction. 28 U.S.C. § 1441(a). This jurisdictional prerequisite encompasses Article III standing. *See McGowen, Hurst, Clark & Smith, P.C. v. Com. Bank*, 11 F.4th 702, 708 (8th Cir. 2021). If, at any time, it appears the district court lacks jurisdiction, the Court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c); *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014). All doubts about removal are resolved in favor

1

of remand.  *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

The removing party bears the burden of establishing federal jurisdiction.  *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).  To establish Article III standing, the party invoking the Court's jurisdiction must show: "(1) facts demonstrating an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, (3) that is likely to be redressed by a favorable judicial decision."  *Schumacher v. SC Data Ctr., Inc.*, 33 F.4th 504, 509 (8th Cir. 2022) (internal quotation and citation omitted).  Plaintiff's motion to remand implicates only the first element.

In cases arising under the FCRA, the injury-in-fact element requires more than assertions of "bare procedural violation[s], divorced from any concrete harm."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016).  Thus, while the FCRA "grants a person a statutory right to sue to vindicate violations of the statute, Article III standing requires a concrete injury even in the context of a statutory violation."  *Schumacher*, 33 F.4th at 509 (internal quotations and citation omitted).  "For standing purposes, therefore, an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426–27 (2021).

## Discussion

Plaintiff argues remand is appropriate because Defendant has not carried its burden establishing federal jurisdiction.  Specifically, Plaintiff contends,

> Plaintiff's Motion to Remand does not stand for the proposition that the Plaintiff has not suffered an injury in fact.  *Plaintiff's petition contains allegations that are sufficient to establish an injury in fact before this Court and before the Circuit Court of Buchanan County.*  Plaintiff does not, however, wish to remain in this Court.  As such, any argument that this Court has Article III jurisdiction is a burden

2

> that must be carried by the Defendant. Absent the Defendant's
> willingness to carry this burden, the matter must be remanded.

Suggestions in Supp. at 2, ECF No. 11 (emphasis added). Defendant responds that Plaintiff's motion is a "transparent attempt at procedural gamesmanship" and that his state court petition sufficiently alleges injury in fact. Suggestions in Opp'n at 2, ECF No. 13.

Plaintiff's argument fails before it begins. There is no dispute here that Plaintiff suffered an injury in fact. Indeed, Plaintiff contends he suffered an injury in fact, and Defendant agrees. Seeing nothing in the record that suggests otherwise, the motion is DENIED.[1]

## Conclusion

For the foregoing reasons, Plaintiff's motion to remand is DENIED.

**IT IS SO ORDERED.**

Date:  April 15, 2024                    /s/ Greg Kays
                                                                            GREG KAYS, JUDGE
                                                                            UNITED STATES DISTRICT COURT

---

[1] It appears Plaintiff's game is to raise the issue of standing in the hope that this Court will construct a standing argument for him, find he lacks standing, and then remand to state court, all the while maintaining he does have standing, so that if he gets back to state court, the state court will not dismiss his case for lack of standing. Suggestions in Supp. at 2–3. The Court declines Plaintiff's invitation to make his arguments for him. *See United States v. Guzman-Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008) ("It is not this court's job to research the law to support an appellant's argument." (cleaned up)).